### ANTHONY JOZUKEWICZ, Admr.

*vs.*

### WORUMBO MANUFACTURING COMPANY.

Androscoggin County. Decided March 30, 1917. This is an action brought by the plaintiff, as administrator of the estate of John Shenkunis, to recover of the defendant damages for injuries which the plaintiff's intestate sustained by reason of which he died. The verdict was for the plaintiff for the sum of $2,150. The case is before this court on a motion for a new trial.

The plaintiff's intestate met his death by falling into a vat or kettle of boiling dye, which scalded him so badly that he died some hours afterwards. At the time of the accident he was a servant of the defendant, and just before the accident was turning a reel standing upon a platform that was placed along side of the vat. The acts of negligence complained of were the failure to provide a platform of sound wood, and to keep the same in repair, and failure to provide a platform held together with safe fasteners and to keep the same in repair. The defendant pleaded contributory negligence upon the part of Shenkunis, but the evidence authorized the finding of the jury that he was not guilty of contributory negligence. Immediately after Shenkunis was discovered in the boiling vat, it was discovered that one of he plank supports upon which the platform stood was broken. The platform was repaired a few days before the accident, and was before the jury for examination, and also before this court at the argument.

We think, from an examination of the platform, that the jury were authorized to find that the wood with which it was repaired was not suitable for the purpose for which it was used. It was not sound wood. No one saw Shenkunis fall into the vat, but a careful consideration of all the evidence and circumstances as disclosed at the time of the accident we think did authorize the jury to find that the accident happened by reason of one of the plank supporting the platform, which had been defectively repaired, breaking, which caused him to fall into the vat. Of course, it is not proved conclusively. Accidents of this kind can not be proved beyond a reasonable doubt, but all the circumstances and probabilities we think authorized the jury to find negligence of the defendant in providing an unsafe platform, as alleged in the writ. We do not say that a verdict for the defendant would *not* have been sustained, but upon the question of fact submitted to the jury, there being evidence that reasonable, honest men might believe that tended to prove the plaintiff's claim, and no evidence of any contributory negligence upon the part of the intestate, we think that the jury's finding upon the question of fact must prevail, and the mandate be motion overruled. *Herbert E. Holmes, and W. R. Pattangall,* for plaintiff. *McGillicuddy & Morey,* for defendant.

